Holly E. Estes, Counsel for Appellants Christopher Scott Emond and Jessica Kleinedler Andrea M. Gandara, Counsel for Appellee Ryan McCarthy, Investments, LLC Okay, Ms. Estes, do you want to reserve a little bit of time here since you have an adversary on this one? Yes, Your Honor, I would like to reserve five minutes. Okay, I'll try to let you know when we're getting right up to five, okay? Thank you. Okay. May it please the Court, this is Holly Estes, appearing on behalf of the appellants Christopher Scott Emond and Jessica Kleinedler. This is an appeal of an order for a motion to extend the timeline to file a non-distractibility complaint. In this circumstance, the motion did not include any memorandum of appointment authorities, any citation to any legal authorities. It didn't provide or include any evidence that was no declaration submitted in support of the motion, no testimony presented at the time of the hearing in support of the motion. After briefly hearing the counsel's arguments requesting additional time, the Bankruptcy Court concluded that it was going to allow additional time. There was a lack of any finding of cause. The creditor in the circumstance said, well, the attorney said, well, I'm in the middle of changing law firms and we need additional time to even determine whether or not we would have a non-distractibility claim. The creditor failed to participate in any discovery. They didn't issue any 2004 examinations. They didn't request documents from the debtor. They didn't request documents from the Chapter 7 trustee. And that lack of participation in the process and their failure to let the Bankruptcy Court know why they could not comply with the original deadline was fatal to the creditor's case. They were required to provide cause for the 4007C deadline to extend it. So, off the cuff, if a creditor simply filed a timely motion, and you agree that this was timely, I appreciate that it was four minutes before the deadline expired, but it was timely. If they simply filed a motion and said, I need more time. I just need more time. And the judge says, okay, I'm going to give you more time. That doesn't meet the standard. I don't believe so, Your Honor. I don't think that's the standard. The standard requires cause. It's not any excuse whatsoever. It's that there's some cause. This creditor, in this circumstance, prior to filing its motion, had not participated in any discovery. Although it did attend the 341 meetings of creditors in both the related business case and this case. And apparently, if the hearing said, no, there were some things that we thought we might need to follow up on, it didn't do that. It didn't do that after the first meeting of creditors it attended. It didn't do it after the second meeting of creditors it attended. It didn't do it after the third meeting of creditors. In fact, the debtor's motion said, you know, we need time to even look at our own documents. We need to look at the public record. It wasn't doing anything prior to the original deadline to investigate whether or not it even had a viable claim for non-dischargeability. And that's fatal. So your sense of cause, the inquiry should at least begin with, well, what did you do, right? I think that is right. I think that's what the case law has said, is that you've done something. You've participated in some way in the process. You've done something to protect your claim. You've taken some action to show me that you've at least tried and there's additional time required. Let me ask you a question about something that I wasn't sure I thoroughly understood. Shortly after the judge extended the time, there was a hearing on a motion to stay and I think that was your motion? That's correct. What was it that was stayed? So what was stayed is the case, the bankruptcy case. So this is a circumstance where this appeal is based upon a motion to extend the deadline to file a non-discharge complaint. This is not a circumstance where the complaint had already been filed. And then we're saying, hey, it wasn't timely. So what was stayed was the bankruptcy court case moving forward or the commencement of an appeal proceeding. Was there some pending request for information at the time? And if so, what was that? Yeah, so what happened was immediately following the hearing on the motion to extend time, the plaintiff or creditor of the circumstance retained new counsel. As soon as new counsel was retained, new counsel sprung into action, started the inquiry for the first time in the case, which was more than 200 days into the bankruptcy case to say, hey, we may need more information. Let's look at if we even have a viable non-discharge claim. We're going to do a 2004 exam request. We're going to request documents from the trustee. We're going to request documents from the debtor. And to me, that could speak to the fact that absolutely nothing had been done prior to the motion, prior to the hearing on the motion. The motion was filed as... So Ms. Estes, let me just ask you a question. And that is, looking at the motion, if you didn't recount what you did do before you filed the motion, does the motion have to contain something that explains what you want to do and haven't been able to do and why you haven't been able to do that? I think that's right. I think that's what the Ninth Circuit requires. I think the Ninth Circuit has said, you need to show us that you've tried to do something, that there's something pending that you need to still do, and there's a reason why you couldn't have done that during this already statutory imposed timeline. And if you can kind of meet these steps along the way, then I'm sure that appears to be cause for us to extend this out. I'm going to agree with you. That's what the standard probably ought to be. I'm not sure that's what the Ninth Circuit has said. And that's part of the problem I think we're having here. Their focus on excusable neglect I think is not helpful here. I think your focus on what you really needed to do something is the much more helpful focus here. Well, so I would say that I think the Ninth Circuit's comment that, well, maybe it's at least excusable neglect in the Willems case, is really just dicta. And it's kind of a judge who's obviously a very smart person, but sitting there saying, hey, you know, kind of some other legal concepts I can think of, it should at least be that. But under this circumstance, the statute does not say that. In fact, Ms. Gondar in her brief even concedes that if the statute was to allow for excusable neglect, statutory interpretation would suggest that it would be included. And it doesn't include excusable neglect. It says cause. And so I think that's an important point. And I think that what the judge in the Willems case, how he kind of just said, well, maybe it's at least excusable neglect. I just think that's dicta. And I think it's just a thought. You know, the challenge we're going to have, and we're going to want to know from both of you, is if we're going to make a rule here, what's the rule? I mean, what is the minimum amount of activity that one should require to be able to make a showing to a judge there is cause? And another, along that same line with justice, is the issue is I think you're suggesting that the record doesn't reflect that the motion contained cause. And I think you're also suggesting that the record doesn't reflect that the judge found cause. He didn't make any specific, okay, I find that because he couldn't do this or couldn't do that, or because this circumstances existed pursuant to the motion, or generally from looking at the record in the bankruptcy case, this constitutes a basis for me to extend the time. He just simply, after the argument was made by the move-in, he looked at you and said, I'll strike the plea that you don't want, and then I'm going to grant the request. Period. Right? That's exactly correct. Yeah, that's exactly correct. Well, and I'll take it another step forward. I mean, you're right, the motion was pretty thin. There was a reply brief that was a little more fulsome. Just to be clear. Okay, well, but to make it clear, the judge, although he didn't articulate a ground, if it's there in the record, we could still affirm, but you're saying there's just nothing in the record, right? There was nothing in the record. The record says, I was switching law firms, which in Pioneer, the court, the Ninth Circuit has addressed, switching law firms, and the attorney's negligence or lack of diligence is borne onto his client, and the client freely chooses counsel, and whether or not counsel is deleterious, the client can find counsel. Ms. Estes, if he had said, I'm changing law firms, and I don't have access to the files that I need, or the documents that are required, or we're in a fight, and I can't utilize the services that I need to perform these tasks that I want to, that might have been caused. I think that's right, and counsel didn't say any of those things, and that's again, there's nothing in the record, there's nothing saying, I don't have access to my files, they're holding my computer, I don't have this or that, nothing was said that would give the judge reason to believe that there was a real issue of why additional time should be granted, or why the original timeline couldn't have been complied with. So I see I have five minutes remaining. Yeah, you're just at your time now, if you want to pause, okay? Alright, why don't we hear from the appellee. Good morning, Your Honor, this is Andrea Gondra, appearing on behalf of Ryan McCarthy Investment, LLC. Can you guys hear me okay? You have to make sure you're talking right into the phone, because you're already breaking out a little bit for me, okay? Okay, I'll try to speak as loudly as possible. Your Honor, this appeal is about the high level of deference that's afforded to the bankruptcy court that was balancing two competing principles, which are the debtors timely seeking a discharge of their debt to Fresh Start, and a creditor seeking a non-dischargeability claim for a debt owed by a dishonest debtor. I have an outline here, but I want to address something that Your Honor has raised during my predecessor's argument, which is, what's the rule? What's the minimum level of activity? And I think the standard should be some reasonable degree of diligence, and that is shown on the record here. Attendance at three 341 meetings of creditors, where there was extensive questioning of the debtors... Excuse me, excuse me, that standard is abuse of discretion, correct? Correct, Your Honor. What standard did the judge articulate before he made the ruling on the motion to extend time? The court did not identify the standard that it was relying upon. However, it is in the record. Cause is referenced not only in the brief submitted by the parties, but also during oral arguments. What findings did he make that were supported by the standard, so that we could determine that his findings were not implausible, improbable, or not supported by the record? The court did not establish findings of fact on the record, but the record itself from which the panel was enabled to establish grounds for affirmance... So let's go to the motion and see exactly what he articulated in the motion, and then you just show me where that establishes cause. So the first element was that Lovely Rita's bankruptcy was filed on 11-2-18. How does that establish cause? The timing of the filing itself does not establish cause for an extension of time. Okay, let's go to number two. The 3-41 meeting was held and continued. I'm sorry, Your Honor. The continuance itself is not grounds for an extension necessarily. However, what I would point out is that there is an inference that the trustee is continuing these meetings because there are holes, there are gaps in the information that the creditors or trustee are receiving. Did he articulate that in the motion, or are you asking us to assume that that must be true from circumstances that we're familiar with? Because he doesn't say in the motion that the reason these were continued was because there was insufficient information with regard to my claim, so that I couldn't pursue the information that I needed so that I'd be prepared. He just articulates that there was a continued hearing. Your Honor, in the argument presented to the court, prior counsel said that he was integrating information and 3-41 testimony from both cases in evaluating the objection to discharge claim. Let me ask you a stupid question about the record. Do we have a transcript from the 3-41 hearing? We do not have a transcript from the 3-41 hearing. We can't judge if something happened at one or both of those hearings that either caused the 3-41 to be continued because the debtor was being recalcitrant or whatever the heck, or that would establish that this is the most complex 523A-something case in the history of the world. We have nothing to help us with that, right? We do have statements in the appellant's filings themselves that explain that my client was asking about the circumstances surrounding the claim and continued to ask additional questions at the 3-41 meetings of creditors. From that, I would argue that there is an inference to be drawn that there was still information missing that my client could only obtain from the debtors. It was in their exclusive control. But did he make any effort that's in the record to take a deposition under either Rule 2004 or any other mechanism before he filed the motion? My client did not take a 2004 exam or move for a 2004 exam. Did he withdraw any production of records from the debtors before he filed the motion? No, there was no 2004 request for documents. Were there subpoenas issued to banks or other institutions? No, Your Honor, that is not in the record before the court prior to the filing of the motion. However, there is participation in 3-41 meeting of creditors where my client is taking advantage of the opportunities available to examine the debtors about issues that are within their exclusive control. For example, intent is something that will only come normally from a debtor. You have to ask them what was going on. What did they know? What were the circumstances? So he put that in the motion, right? He argued that he was assessing the circumstances surrounding the claim. Did he put in the motion that he couldn't determine the intent of the debtors because he hadn't had the opportunity to question them sufficiently at the 3-41 meeting? He did not put an explicit statement to that effect, Your Honor. He didn't put anything in the motion that established why he was unable to file the complaint. He simply recounted the things that were on the record that already existed when the 3-41 meetings were conducted. That they had been continued. That he was trying to determine if he had a claim. That he was in the process of separating from his law firm without explanation as to how that affected him. None of that established, did it? Why he was unable to file the complaint in time. He didn't give any reason. Your Honor, he explained that the final meeting of creditors was 19 days before the filing deadline. Why did that preclude him? Why did that preclude him from filing the complaint? Because he continued to obtain information from the debtors by examining them at the meeting of creditors. Let's go in a little different direction. The inference that we could draw here is that money was lent for the purpose of financing Lovely Rita's. And it didn't go there, right? I can understand that you'd say we really wanted to nail that down. But as Judge Gamm pointed out, issuing a subpoena to the bank would have been some evidence of some effort to figure this out. A 2004 exam, at least a request for one, would have been some evidence of an intent to fix it. I hear you saying that if we were going to be careful about a complaint, we needed to know more. But the question is, what did you do to find that out? That's where we're all stuck, because we're not hearing a good answer to that question. Not just what didn't you do, what did you do to find out? Why couldn't you complete this? Explain to the court why cause exists in a way that is understandable. I have attempted, but have been unsuccessful. I have tried, but I need this additional information. I'm waiting for something to happen, and it hasn't yet happened for this reason. None of that exists in this motion, does it? Your Honor, I would say that by contrast, the line of cases that are cited by the appellant are cases where the court said, no, I'm not going to grant an extension of time. The facts in those cases are where the creditor didn't even attend the 341 meeting of creditors, or they sat there and didn't ask a single question. In those instances, the courts that were reviewing the motion for an extension said, no, you didn't take advantage of any opportunity available to you. Here we have participation in three meetings of creditors. That's a significant commitment of time and asking questions about the circumstances surrounding the debt. And isn't it an equally reasonable inference, though, from that, that you decided at the end of the time that you'd already attended three different 341 meetings, that there wasn't any evidence to support your claim, because you didn't do anything else to follow up on whatever information you'd already learned? You did nothing except file a motion and ask for more time again. I mean, it's not unreasonable to conclude he didn't know where to go and didn't know what to do, or didn't care, or his client didn't, because they didn't do anything after they attended the meetings and questioned the debt. So, I mean, I'm struggling here with, I understand what you want us to infer. The court doesn't find it, the court doesn't articulate it, and you don't give me any help in the motion that explains to me why I should grant you the relief. Your Honor, even though the Ninth Circuit says there needs to be a finding, they also say there can be a showing of cause, and we believe that the circumstances before the court at the time, I understand that the panel may view the facts differently or have weighed the evidence in a different way. And abuse of discretion takes into account the fact that if there's a reasonable spectrum of potential outcomes and the Bankruptcy Court's decision is on it, even if someone on the panel might have come down a different way, that doesn't mean that the order should be reversed. That's generally true where a judge makes a bunch of findings. We're not going to say, well, we're not going to, you know, we're not finding the same thing. Where the judge hasn't made any findings, what Judge Gann is asking, and what I'm still waiting to hear an answer for is, if it's in the record and we could find it, show us where it is. Because that, I mean, we're just, we're stuck there. I mean, until I hear something, what I think I'm hearing is the 19 days between the second 341 and maybe the third 341 and the deadline was a problem, in which case I would say, well, articulate why, other than it's just a problem, or say, I tried to do this in the meantime to show I'm doing something that would give a judge a basis to say there's cause to continue the deadline. And that's, I mean, we're just, I agree with you. Had the judge made a bunch of findings, we would not lightly overturn them. But the problem is he didn't. And we're still, so we're looking at the record and trying to figure out where can we find support for this and we're having a hard time. Well, Your Honor, there is another element, which is the interrelatedness of the business and individual bankruptcy cases and the debt owed. Well, no doubt. I mean, the question is going to be the money is supposed to go to Lovely Readers and it went somewhere else, right? That's probably what's going to be the, that would have been the admission, I'm guessing. And the assumption of debt by the individual debtor in this case, who took on the burden of the obligation and the money not being spent how it's supposed to. Your Honor, there is a reference in the record to the trustee citing that there is a potential preference action that could be brought into the case and that is the money that was lent to the debtor and used for something that it shouldn't have been used for. There is evidence in the record that there's complexity in this case beyond just a simple run-of-the-mill Chapter 7 case. Counsel, this is a simple run-of-the-mill case that you have a loan to a company and the debtor is either the one that accepts the funds or is the guarantor of the obligation. They're supposed to be for a specific purpose. They're not used for that purpose. That was fraud on the creditor because that's what the creditor was told. That's all that this complaint is. It's not that complex, is it? It's not that much different than we've seen a million other times in cases where there's a loan made to a business and an individual runs the business and either is the obligor or the guarantor of the obligation. That's just as typical, isn't it? I think that what makes it different is that the non-dischargeability claim only goes to the individual. It's not the debtor or the business who has assumed the debt. Are we saying that the market's like that? Are you suggesting that it's not a usual circumstance that an individual who owns a business would be sued for the business debt? That that's an atypical situation for bankers? For a personal guarantee and a breach of contract, yes, I agree with you. But this is a heightened level where we're saying that there's fraud here. There was fraud in procuring the $350,000 in investments made by my clients in six months prior to the bankruptcy violation. I understand, counsel, but if it was simply a breach of contract, the claim would dissipate as soon as the discharge was issued because it would be dischargeable. The only time this would come into play is if there was fraud. That's the only certainty. That's what we see all the time on 523-828 claims. There was fraud by the individual in the way the loan was made to the company, to the debtor, whatever those circumstances are. That's not atypical, is it? No, I don't. I think that that is a scenario that happens with some frequency. Here my client's prior counsel was investigating the circumstances surrounding their acquisition of those funds because it is critically important to bring a non-dischargeability complaint. You have a basis in fraud. You can't just say, I lent this person money, they defrauded me. You have to have information about their intent, and that comes from examining the people who received the money. Counsel, this occurred over a period of approximately six months before the bankruptcy was filed. We aren't talking about a loan that was administered over many years where you'd have to go through thousands of pages of records. We have literally a six-month period this business operated once the funds were transmitted to the business or transmitted to the individual into the business. That's correct, Your Honor. That also goes to why this should have been an easy 341 meeting of creditors. They could have answered the questions. If it was that simple and the information was readily available, my client's prior counsel probably wouldn't have had to attend three meetings of creditors to continue to ask questions. Unfortunately, we don't have it in the record what happened at the 341A meeting. Right, Your Honor. Once I was retained as counsel, I was trying to obtain the audio and get a transcription at the time, but the U.S. Trustee's Office was closed. There was no way I could obtain the transcript at the time that I came in as counsel. So, unfortunately, you're right. And it was not before the court at the time, but the court did consider the timing, which it apparently found significant in determining that there is cause there. There was activity. It wasn't a situation where there's no action by a creditor, sat on its hands, did nothing. There was actually examination here multiple times. That wasn't in front of Judge Beasley, right? That there was activity? Well, whatever you would want us to know about the 341 was not in front of Judge Beasley. That was not part of the record, right? The 341 meeting contents themselves, no, were not part of it, but the fact that the meetings were continued three times, which I believe is unusual, is before the court. I see that my time is run, I believe. I would ask the court to affirm the order because the bankruptcy court did not abuse its discretion in granting McCarthy a very brief extension of time, where he considered the impact on the debtors. Having a trial in less than 45 days is as fast as you can possibly set a hearing. This was to ensure that the debtors were not unduly prejudiced, and for that reason we ask the court to affirm the order. Okay, thank you. I would like to address a couple of points. First, I would like to draw the panel's attention to the Lowen case, where the Ninth Circuit reasoned, quote, critically in that case the creditor failed to explain why they did not complete their investigation prior to the deadline, end quote. The panel held that, quote, expecting the creditor's request for more time so that they could determine whether or not they even had a viable argument for non-discardability without an explanation as to why, they could not have made this determination within the time set by Rule 4007, would render the standard toothless. And the standard that they're talking about is the standard set forth in Rule 4007C. So the Ninth Circuit, in the Willems case, under the same circumstance where counsel failed to espouse why, they could not have complied with the 60 days after the 341, initial set 341 deadline, was fatal. And was an abuse of discretion or clear error, actually, for the court to find that there was cause, and there was nothing in the record to say why, why they couldn't have completed the investigation earlier. The problem I have with Sanderson, I'm not necessarily disagreeing with him, the problem I have with Sanderson is there's a mistake of law. You know, the plaintiff sues on one theory that has no legs, the bankruptcy court says, well, you really should have done this. And, I mean, that was the unusual part of Sanderson, it's a mistake of law. I mean, excusable neglect isn't even a concept there. So I'm not disagreeing with you, but I just think it's a very odd case to use, in the typical circumstance like this, where somebody just comes up to the deadline, they haven't done a whole heck of a lot, and they'd like more time. So, don't take that as a disagreement, it's an observation, okay? Let me just ask you, so an intermediate step in this process, if we were to go with you with regard to this matter, would be for us to remand it to the bankruptcy court to make specific findings in support, or not in support of its order. Why shouldn't we do that in this case? Well, I think there's a couple of issues that have occurred here. First of all, the pleading standard for filing the motion wasn't even met in the first case. He didn't file any memorandum of points of an authority, he didn't cite to any case law, he didn't provide any evidence in support. So I think that the motion in practice and the hearing itself were fatal unto themselves. The local rule requiring memorandum of points of authority wasn't even met in the circumstance. So it would be difficult to come back, especially with the reply stricken in the circumstance, for the court to make the record that finding that would be necessary with the record before the court. So to me it appears that it would be a waste of time with the record that the court has. Did that answer your question? Let me just make sure. So what you're suggesting is if there is no cause that's in the record, then there's no point to remand it for the court to find cause if none existed before. You can't create cause now after the fact. I think that's correct. I don't think the court should be allowed to have additional argument. The record's complete. There's nothing in the record that shows cause. Your honors have asked if there's anything in the record. Counsel has failed to point to anything specific that would constitute cause. And I think that that's fatal. It would be a waste of time to remand when there's absolutely nothing in the record that even the bankruptcy judge, any judge, could find to say, okay, well, maybe it was this, maybe it was that. There's just nothing there. And with regard to a different point addressed by Ms. Sundar regarding the 20 days from the conclusion of the 341 being accreditors to the deadline, I did cite to a case in Ray Vinson in my brief 509-CR-128 where the court did find that compelling cause for an extension was not shown where the creditor took no action after the debtor's testimony into Section 341B of creditors allegedly raised questions. And that's the same circumstance we have here. If there were questions, if there were complexities, if there were additional documents or testimony required, some action should have been taken. What also is an issue in this case for me is that the motion was filed at the 12th hour, four minutes before midnight, on the expiration of the deadline, which was timely, I'm not disputing that. But then the notice of hearing for the motion wasn't filed until four days after the motion, and then it was filed in the wrong case. Four days after that, the clerk of private counsel that said, hey, this notice of hearing was filed in the wrong case. It took an additional 43 days for counsel to file a new notice of hearing in the right case, and then he set the hearing for 93 days after the motion was filed. So he has given his client what was originally 102 days from the petition date, an additional 93 days on top of the 102 already given to do anything. And so now we're at about 200 days into the case, and even by the time of the hearing, nothing had been done. They couldn't even come to the hearing and say, hey, I've issued subpoenas. I'm waiting on document requests. I'm waiting for consent from counsel when they're applying to jail for a 2004 exam. Absolutely nothing had been done, even after the motion was filed before the hearing. That was almost 100 days later. We're now 200 days into the case. No action has been taken. And frankly, if the creditor was so concerned about being depraved in their actual opinion on this chargeability case, and this goes to my last argument, something should have been done sooner. The law doesn't aid people resting on their right. It aids the vigilant. And here, there's nothing showing that this creditor was vigilant. OK, you're about a minute over. Are you all set? You want to conclude? I'm finished, Your Honor. Thank you. OK, the matter is submitted. OK, thank you very much. Thank you for your good arguments. Thank you. Thank you.
judges: Lafferty, Brand, Gan